NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL GREGORY MAGANA, *Appellant.*

No. 1 CA-CR 15-0501
FILED 6-7-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-106188-001
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge John C. Gemmill joined.

---

**P O R T L E Y**, Judge:

**¶1**      This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Michael Gregory Magana has advised us that she has searched the entire record, but been unable to discover any arguable questions of law.  As a result, counsel has filed a brief requesting us to conduct an *Anders* review of the record.  Magana was given the opportunity to file a supplemental brief but did not file one.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**      Two teenage sisters, A.A. and V.A., told their mother that they had been abused by their former stepfather, Magana, when they were four to ten years old.  The police were called, and Magana was subsequently arrested and charged with four counts of child molestation, one count of sexual abuse, and one count of sexual conduct with a minor, all of which were alleged to be dangerous crimes against children.  He was arraigned and the case proceeded to trial.

**¶3**      At trial, A.A. testified about the two different times that Magana touched her vagina over her underwear, and then spanked her for getting gum in her hair.  V.A. testified about the times, circumstances, and nature of her abuse by Magana, each followed by a spanking.  Both testified that they had wanted to tell their mother about the abuse, but were afraid because Magana told each individually that if they told their mother, he would hurt them and the family.  And it was not until the girls were 13 and 14, and quarreling with their mother, that they revealed the abuse.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

¶4 The jury also heard from the police officer who conducted the forensic interview of both victims, Wendy Dutton of Phoenix Children's Hospital, and Magana's expert, Dr. Katrina Buwalda, who testified about victim witness memory. After Magana made an unsuccessful motion for judgment of acquittal under Arizona Rule of Criminal Procedure 20, the jury received final instructions, heard closing argument, deliberated, and found him guilty as charged, except he was found guilty of the lesser offense of child molestation and not sexual conduct with a minor.

¶5 At the sentencing hearing, and having received the presentence investigative report, letters and a sentencing memorandum from Magana, the court heard from the victims, their mother, supporters of Magana, and Magana. The court then sentenced him to mitigated consecutive sentences totaling 63 years, and gave him 519 days of presentence incarceration credit.

¶6 Magana filed an appeal. We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

**DISCUSSION**

¶7 We have read and considered the opening brief. We have searched the entire record for reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals Magana was represented by counsel at all stages of the proceedings. The sentences imposed were within the statutory limits. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. The jury instructions were appropriate, and the record reflects the jury followed the instructions by finding Magana guilty of the lesser included offense given that there was no trial evidence of sexual conduct with a minor. Accordingly, we find no reversible error.

¶8 After this decision is filed, counsel's obligation to represent Magana in this appeal has ended. Counsel must only inform Magana of the status of the appeal and his future options, unless she identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Magana may, if desired, file a motion for reconsideration or petition for review pursuant to Arizona Rules of Criminal Procedure 31.18 and 31.19.

---

[2] We cite the current version of the applicable statutes absent changes material to this decision.

**CONCLUSION**

¶9        We affirm the convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: AA